IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GEORGE L HALLERAN,

    Plaintiff,
v.                                                   CASE NO. 1:16-cv-212-MP-GRJ

LEVY COUNTY
NEWS JOURNAL,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se,* initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed as a pauper. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the undersigned recommends that this case be dismissed for lack of subject matter jurisdiction.

    Plaintiff sues the "Levy County Newspapers Journal."[1] The Complaint alleges that in September 2014, Plaintiff was "illegally" identified in the paper as having murdered his wife. Plaintiff alleges that he was

---

[1] The Levy County Journal was a newspaper published in Chiefland, Florida. The Court takes judicial notice that the Levy County Journal ceased publication in May 2016. *See* https://www.levyjournalonline.com/ (last visited October 6, 2016).

illegally detained on murder charges as a result of the misprint, and that the report defamed him. Plaintiff also alleges that his sixth amendment rights were violated. Plaintiff seeks damages in the amount of three million dollars and a "reverse and remand" for a fair trial. ECF No. 1.

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C § 1915(e). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*)*.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes. *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986). A plaintiff invoking the

court's jurisdiction must establish the basis for such jurisdiction in the complaint. *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Even liberally construed, the allegations of the Complaint are insufficient to establish a basis for the exercise of federal subject matter jurisdiction. Plaintiff's defamation claim against the now-defunct Levy County Journal is a tort under state law and does not provide a basis for the exercise of federal subject matter jurisdiction.

To the extent that Plaintiff is attempting to assert a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

The Levy County Journal is not a "state actor" for purposes of liability

under § 1983.  Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983.  To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).  *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).  Plaintiff's allegations do not establish that his claims satisfy these tests.

Finally, to the extent that Plaintiff seeks relief from a state conviction Plaintiff's claims are not properly asserted by way of a civil rights complaint.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Plaintiff's request for relief – "reverse and remand" for a fair

trial – implicates the fact or duration of his present confinement. Plaintiff's remedy would be by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2254(b), after first exhausting all available state remedies.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

IN CHAMBERS this 6th day of October 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.